**Richard L. MEAD, Petitioner— Appellant,**

v.

**Doug WADDINGTON, Respondent— Appellee.**

**No. 04–35146.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard L. Mead, Aberdeen, WA, pro se.

Gregory J. Rosen, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Washington state prisoner Richard L. Mead appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition challenging his 1999 jury conviction and sentence for rape of a child in the first

** This disposition is not appropriate for publication and may not be cited to or by the

degree. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ The State told Mead that it would amend the information if he refused the plea agreement. Mead contends that this forced him to choose between his rights to a speedy trial and effective assistance of counsel. We disagree. The district court properly determined that the State did not unconstitutionally force Mead to waive his speedy trial rights. *See Jenkins v. Anderson*, 447 U.S. 231, 236, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (stating that the Constitution does not forbid "every government-imposed choice in the criminal process that has the effect of discouraging the exercise of constitutional rights").

■ Mead also contends that the sentencing court unconstitutionally infringed on his right to a jury trial by imposing a higher sentence because he exercised his constitutional right to go to trial. We disagree. The state court's determination that the sentencing court relied upon permissible reasons for sentencing him to the high end of the standard sentencing range is not contrary to or an unreasonable application of clearly established federal law. See *United States v. Carter*, 804 F.2d 508, 514–15 (9th Cir.1986) (stating that while a judge may not sentence vindictively or punitively, he may have legitimate reasons for sentencing a defendant more severely, and may properly take into consideration victim impact, lack of remorse and the extent of rehabilitation).

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.